PEARSON, MJ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| KENNETH TAYLOR o/b/o, AARON C. TAYLOR, | ) ) ) | CASE NO.   1:08-CV-02652 |
| Plaintiff, | ) ) ) | MAGISTRATE JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| Defendant. | ) ) | **MEMORANDUM OF OPINION AND ORDER** |

Defendant Commissioner of the Social Security Administration has moved to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e).  ECF No. 22.  The Commissioner asks the Court to reverse its decision awarding Plaintiff Kenneth Taylor, uncle and legal guardian, on behalf of his nephew Aaron C. Taylor benefits and to affirm the Commissioner's denial or, minimally, remand the matter for further review.  ECF No. 22 at 12. Plaintiff Kenneth Taylor o/b/o, Aaron C. Taylor ("Plaintiff") opposes the Commissioner's Rule 59(e) request for reversal or remand.  ECF No. 23 at 4.

After reviewing the Commissioner's motion, Plaintiff's opposition, the Court's Memorandum of Opinion and Order, and applicable law, the Court denies the Commissioner's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e).

### I.  **Summary of Relevant Factual and Procedural History**

Aaron C. Taylor ("Aaron") was 11 years old when his uncle and legal guardian, Kenneth

(1:08-CV-02652)

Taylor ("Mr. Taylor") applied for Supplemental Security Income ("SSI") benefits on Aaron's

behalf; he was 15 years old when the final Agency decision was issued.  At all relevant times,

Aaron was an adolescent who had not engaged in any substantial gainful activity prior to the

Administrative Law Judge's ("ALJ") decision.  (Tr. 25.)  There was no dispute that Aaron

suffered from multiple mental disorders that manifest in severe behavioral problems.  As the

grounds for his SSI application, Aaron alleged behavioral problems and headaches.  (Tr. 49.)

The ALJ found that although Aaron suffered from the following severe impairments,

"attention deficit hyperactivity disorder [ADHD], conduct disorder, depression, and rule/out post

traumatic stress disorder [PTSD] (Exhibits 1F-18F)(20 C.F.R. 416.924(c))," he does not have an

impairment or combination of impairments that meets, medically equals or functionally equals a

listed impairment.  (Tr. 25.)

If an impairment does not meet or *medically* equal a listed impairment, then the ALJ may

find disability if the child's impairment is *functionally* equivalent to a listed impairment.  To

make this determination, the ALJ evaluates six areas or "domains" of development or

functioning.  To establish disability, the child minimally must have "marked" limitations in at

least two of six domains or an "extreme" limitation in one domain.[1]  In this case, the ALJ found

that Aaron had no "marked" or "extreme" limitation in any of the six domains.  (Tr. 27-32.)

Aaron, through counsel, argued that the ALJ's findings were incorrect and that he has a "marked"

---

[1]  The range of limitation findings for a domain are: "no limitation," "less than marked," "marked," and "extreme."  *See generally* 20 C.F.R. § 416.926a.  A finding of "less than marked" is used to describe a limitation thought to be not significant enough to support a finding of disabled, either individually or in combination with other findings.

(1:08-CV-02652)

limitation in three of the six domains, specifically the domains of 1) attending and completing

tasks, 2) interacting and relating with others, and 3) caring for himself. ECF No. 15 at 2.

Accordingly, the crux of the matter before the Court was whether substantial evidence existed to

support the ALJ's findings that Aaron did not show at least marked limitations in two of these

three domains or an extreme limitation in one of the three domains.

Aaron applied for Supplemental Security Income benefits on January 25, 2005, alleging a

disability due to behavioral problems and headaches. The Agency initially denied Aaron's claim

on May 19, 2005 and again upon reconsideration on September 22, 2005. On October 17, 2005,

Aaron filed a request for an administrative hearing before the ALJ which was held on March 19,

2008, *via* video conferencing technology. Aaron, his counsel and his uncle attended the hearing.

The ALJ denied benefits on April 11, 2008, indicating that the denial was based on Aaron's lack

of an impairment or combination of impairments that meets, medically equals, or functionally

equals a Listing. (Tr. 25.) Aaron requested a review of the ALJ's decision which the Appeals

Council denied on September 19, 2008. Because the Appeals Council denied Aaron's request for

review, the ALJ's decision dated April 11, 2008, became the final decision of the Agency.

Seeking judicial review of the Agency's final decision denying him benefits, Aaron timely filed a

Complaint asserting the following issues:

> 1. The ALJ"'s decision violates the long-standing treating physician rule because it
> ignores the well-documented opinions of Aaron's treating physicians and school
> psychologist that should be accorded controlling authority.
>
> 2. The ALJ did not properly explain his reasons for discounting the opinions of
> Aaron's school psychologist and teachers regarding his *marked* functional limitations
> when *attending and completing tasks, interacting and relating to others,* and *caring
> for himself*.

-3-

(1:08-CV-02652)

      3. Contrary to Soc. Sec. Rul. 96-7p, the ALJ did not properly explain his reasons for discounting Kenneth Taylor's and Aaron Taylor's credibility.

ECF No. 15 at 2.

      On December 31, 2009, after reviewing the administrative record as a whole, including the medical records, other evidence presented, all relevant testimony, and the legal standards applied, the Court found that the ALJ did not reach a decision supported by substantial evidence or based upon proper legal standards, including Agency regulations. ECF No. 20 at 3.  Because the evidence in the record overwhelmingly supported findings that Aaron had marked limitations in at least two of the disputed domains and contradicted that which the ALJ relied upon, the Court reversed the decision of the Commissioner of Social Security and remanded the matter for an immediate award of benefits, pursuant to Sentence Four of 42 U.S.C. § 405(g).  ECF No. 20 at 24.

      Specifically, the Court found significant evidence in the record that was either overlooked or misapplied by the ALJ that demonstrated Aaron Taylor had marked limitations in the domains of (1) attending and completing tasks and (2) interacting with others, which established a functional equivalency to the Listings. ECF No. 20 at 23-24.  The Court found this mishandled evidence of disability to be overwhelming and opposing evidence so lacking that a remand would have merely involved the presentation of cumulative evidence, served no useful purpose and ensured unnecessary delay.  ECF No. 20 at 24 (citing *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir.1994); *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir.1985)).

      Within the permissible statutory time frame, the Commissioner filed a Motion to Alter or

-4-

(1:08-CV-02652)

Amend Judgment pursuant to Rule 59(e).  ECF No. 22.  On January 29, 2010, Plaintiff opposed

the motion.  ECF No. 23.

## II.  Law and Analysis

The Sixth Circuit holds that "Rule 59(e) motions serve a limited purpose and should be

granted for one of the following reasons: (1) because of an intervening change in controlling law;

(2) because evidence not previously available has become available; or (3) because it is necessary

to correct a clear error of law or prevent manifest injustice." *Gen. Truck Drivers, Chauffeurs,*

*Warehousemen & Helpers, Local No. 957 v. Dayton Newspapers, Inc.,* 190 F.3d 434, 445 (6th

Cir.1999).  Such a motion is extraordinary and is seldom granted because it contradicts notions

of finality and repose.  *See* Wells Fargo Bank v. Daniels, No. 1:05-CV-2573, 2007 WL 3104760,

at *1 (N.D. Ohio Oct.22, 2007) (*citing* Plaskon Elec. Materials, Inc. v. Allied-Signal, Inc., 904

F.Supp. 644, 669 (N.D. Ohio 1995)).  "It is not the function of a motion to [amend or alter

judgment] either to renew arguments already considered and rejected by a court or 'to proffer a

new legal theory or new evidence to support a prior argument when the legal theory or argument

could, with due diligence, have been discovered and offered during the initial consideration of

the issue.'" *McConocha v. Blue Cross & Blue Shield Mut. of Ohio,* 930 F.Supp. 1182, 1184

(N.D. Ohio 1996) *(quoting* In re *August 1993 Regular Grand Jury,* 854 F.Supp. 1403, 1408 (S.D.

Ind.1994)).

A court may award benefits where the evidence of disability is overwhelming and

opposing evidence is lacking so that a remand would merely involve the presentation of

cumulative evidence, serve no useful purpose and ensure unnecessary delay.  *Fauche*r, 17 F.3d at

(1:08-CV-02652)

176; *see also* *Felisky*, 35 F.3d at 1041; *Mowery*, 771 F.2d at 973.  Thus, a court may immediately

award benefits "only if all essential factual issues have been resolved and the record adequately

establishes a plaintiff's entitlement to benefits." *Faucher*, 17 F.3d at 176; *see also* *Abbott v.*

*Sullivan*, 905 F.2d 918, 927 (6th Cir.1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d

777, 782 (6th Cir.1987).

        In this case, the Court found that the ALJ's decision was not supported by substantial

evidence or based on proper legal standards and was contradicted by substantial evidence of

disability.  ECF No.20.  To the contrary, the record supports a finding of marked limitations in

the domains of attending and completing tasks and interacting with others because "all essential

factual issues [were] resolved and the record adequately establishe[d] [an] entitlement to

benefits." *Faucher*, 17 F.3d at 176; *see also* *Abbott*, 905 F.2d at 927; *Varley*, 820 F.2d at 782.

Remand is not warranted or prudent in this matter because it would merely involve the

presentation of cumulative evidence, serve no practical purpose and ensure further unnecessary

delay. *Faucher*, 17 F.3d at 176; *see also* *Felisky*, 35 F.3d at 1041; *Mowery*, 771 F.2d at 973.  The

Commissioner's motion has not shown that new or intervening law controls, or that a clear error

or manifest injustice results from this ruling inasmuch as it rehashes arguments already raised

and rejected.  Based upon the Court's earlier ruling, Sixth Circuit law and Agency regulations, a

reversal and remand for an award of benefits continues to be justified.

        Accordingly, after full consideration of the Commissioner's motion and the record, the

Court maintains it its earlier ruling.

(1:08-CV-02652)

### III.  <u>Conclusion</u>

Defendant's Motion to Alter or Amend Judgment Pursuant to Federal Rule of Civil

Procedure 59(e) is denied.  <u>ECF No. 22</u>.


IT IS SO ORDERED.


  May 17, 2010                                           *s/ Benita Y. Pearson*
Date                                                    United States Magistrate Judge

-7-